NELLIE V. TAYLOR, Plaintiff, *v.* JULIA KURTZ and Others, Defendants.

Supreme Court, Ontario County, December 10, 1930.

*Clair L. Morey*, for the plaintiff.

*Earle S. Warner*, for the defendant Kurtz.

*John H. Hicks*, for the defendant Lamphear.

*Arthur H. Smith*, for the trustee in bankruptcy of defendant Avery N. Newman.

RODENBECK, J. There are three actions pending, growing out of the transactions of the defendant Avery N. Newman with three unmarried women. One is to set aside a deed given by him; one is to foreclose a mortgage given by one of these women, and the third is to have a deed declared a mortgage.

It was stipulated, on the hearing of the motion, that these three cases should be tried together, and that the motion should be regarded as having been made in the three actions.

Julia Kurtz advanced money to him and took a deed of some property owned by him, and, then, gave him a bond secured by a mortgage on the property. Alberta M. Lamphear claims to have advanced money to him and taken an assignment of the bond and mortgage mentioned. Nellie V. Taylor took a second assignment of the bond and mortgage mentioned, of all his right, title and interest therein.

He has gone into bankruptcy, and these actions are to review his transactions with these women and to determine the legal effect of the documents referred to.

Miss Kurtz asks to have the deed given to her declared a mortgage, and the bond and mortgage and assignments declared void, while Miss Lamphear and Miss Taylor seek to sustain these instruments, and Miss Taylor asks for a foreclosure of the mortgage.

The issues are too numerous and too complicated for a jury to comprehend, and a trial by a jury of specific questions will operate to delay the final determination.

The issues should be tried at the same time so that all the evidence that is available on any issue may be before the court. The cases present, peculiarly, questions for a court to decide.

Motion denied, without costs.

So ordered.